J-S04001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DALIYL RAA'ID MUHAMMAD | : | |
| | : | |
| Appellant | : | No. 761 MDA 2017 |

Appeal from the PCRA Order April 7, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0002967-2002,
CP-22-CR-0003009-2002

BEFORE:  SHOGAN, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:                           **FILED MARCH 21, 2018**

Appellant, Daliyl Raa'id Muhammad, appeals *pro se* from the April 7, 2017 order denying his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

A prior panel of this Court set forth the relevant factual history of this case as follows:

> The evidence presented establishes that on the evening of January 13, 2002, James Nickol called appellant in order to purchase marijuana. Appellant indicated he could sell Nickol three pounds of the drug for $2,400, and agreed to meet Nickol later that evening on South 14th Street in Harrisburg, Pennsylvania.  Nickol and a companion, Derrick Kleugel, then drove to Harrisburg.  Upon their arrival, appellant informed them they would have to walk a few blocks to get the marijuana. Appellant was accompanied by another man, later identified as co-defendant Michael Cameron.  At some point while the four men were walking down South 15th Street, appellant and Cameron slowly began to lag behind the victims.  Gunfire then rang out and Nickol was shot three times in the back, three

times in the stomach, and once in the hip. Kleugel was shot twice in the back and once in the hip. Nickol testified that immediately after the incident, he felt a burning sensation and fell to the ground. He further testified that appellant then climbed on top of him while holding a shiny object in his hand and demanded money. Kleugel also testified that after he fell, someone searched him and demanded money. N.T., 8/6/03, at 81-83, 85-88, 90-94; N.T., 8/7/03, at 162-164, 166.

Appellant fled the scene before police and emergency personnel responded to the victims. He was apprehended following considerable resistance on July 7, 2002, almost six months later. N.T., 8/7/03, at 179, 182-183, 209-211.

*Commonwealth v. Muhammad*, 860 A.2d 1132, 1767 MDA 2003 (Pa. Super. filed August 17, 2004) (unpublished memorandum at 2-3).

Following a jury trial, Appellant was found guilty of criminal attempt to commit homicide, robbery, conspiracy, two counts of aggravated assault, flight to avoid apprehension, escape, resisting arrest, and false identification to law enforcement.[1] *Muhammad*, 1767 MDA 2003 (unpublished memorandum at 1). Appellant filed a timely appeal, and on August 17, 2004, this Court affirmed Appellant's judgment of sentence in part and vacated in part. *Id.* This Court concluded that Appellant's convictions for the attempted homicide and aggravated assault on James Nickol should have merged, and therefore, one of his sentences for aggravated assault was vacated. *Id.* at 12. However, we explained that because Appellant was

_____

[1] 18 Pa.C.S. §§ 901, 3701(a)(1)(i), 903, 2702(a)(1), 5126, 5121(a), 5104, and 4914(a) respectively. We note that the PCRA court erroneously stated that false identification to law enforcement was a violation of 18 Pa.C.S. § 4906(a). PCRA Court Opinion, 7/10/17, at 1 n.10.

convicted of two counts of aggravated assault for which the trial court imposed concurrent sentences, this Court's disposition did not upset the trial court's sentencing scheme, and thus, remand for resentencing was not required. *Id.* (citing *Commonwealth v. Robinson*, 817 A.2d 1153 (Pa. Super. 2003)). Appellant did not file a petition for allowance of appeal in the Pennsylvania Supreme Court. Therefore, Appellant's judgment of sentence became final on September 16, 2004, when the time to pursue allowance of appeal in our Supreme Court expired. *See* Pa.R.A.P. 1113(a) ("a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court or the Commonwealth Court sought to be reviewed."); *see also* 42 Pa.C.S. § 9545(b)(3) (a defendant's judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review"). Over the next decade, Appellant filed four PCRA petitions, and each petition was denied.

On October 7, 2016, and October 28, 2016, Appellant filed what were nominally his fifth and sixth PCRA petitions, respectively. These petitions were duplicative in substance, and the PCRA court treated them as a single PCRA petition. PCRA Court Opinion, 7/10/17, at 4. On February 14, 2017, the PCRA court issued notice of its intent to dismiss the petition as untimely.

On April 7, 2017, the PCRA court dismissed the petition, and this timely appeal followed.

On appeal, Appellant raises the following issues:

I. WHETHER THE PCRA COURT DENIED DEFENDANT DUE PROCESS BY REFUSING HIM AN OPPORTUNITY TO AMEND HIS PCRA?

II. WHETHER THE AFFIDAVIT OF JOYETTA FOSTER DETAILING JUDGE CLARK'S BIAS AGAINST MUSLIMS MET THE AFTER DISCOVERED FACTS AND MISCARRIAGE OF JUSTICE EXCEPTIONS AND IS DEFENDANT ENTITLED TO A NEW TRIAL OR REMAND FOR AN EVIDENTIARY HEARING?

III. WHETHER THE PCRA COURT ERRED IN REQUIRING DEFENDANT TO PLEAD/PROVE DUE DILIGENCE UNDER THE GOVERNMENTAL INTERFERENCE EXCEPTION WHEN THE STATUTE DOES NOT CONTAIN SUCH LANGAUGE, AND HAS THE STATE COURTS ESTABLISHED A CLEAR DEFINITION FOR GOVERNMENTAL INTERFERENCE?

IV. WHETHER THE LOSS, ALTERATION, OR FAILURE TO PROVIDE A FULL/COMPLEE COPY OF THE TRIAL PROCEEDINGS BY THE COURT OR ITS OFFICERS AMOUNT TO GOVERNMENTAL INTERFERENCE/MISCARRIAGE OF JUSTICE RENDERING DEFENDANT'S UNDERLYING CLAIM OF DENIAL OF A FAIR TRIAL, APPEAL, JUDICIAL BIAS REVIEWABLE ON THE MERITS, OR A REM, A REMAND FOR AN EVIDENTIARY HEARING?

V. WHETHER THE PCRA COURT ERRED, AS A MATTER OF LAW, IN ITS ASSESSMENT OF THE SUBSTANCE/TIMELINESS OF MICHAEL HILL'S AFFIDAVIT/STATEMENT WHICH MET THE AFTER DISCOVERED FACTS/MISCARRIAGE OF JUSTICE STANDARD: AND IS DEFENDANT ENTITLED TO A NEW TRIAL OR REMAND FOR AN EVIDENTIARY HEARING?

Appellant's Brief at vi (verbatim).

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether that court's

- 4 -

determination is free of legal error. ***Commonwealth v. Phillips***, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Id***.

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[2] A petition invoking one of these exceptions must be filed within sixty days of the date the claim first could have been presented. 42

_____

[2] The exceptions to the timeliness requirement are:

> (i)   the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

*(Footnote Continued Next Page)*

Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). **Hernandez**, 79 A.3d at 652.

We have reviewed the briefs of the parties, the relevant law, the certified record before us, and the PCRA court's opinion. We discern no error in the PCRA court's analysis and conclusion that Appellant's PCRA petition was untimely and that no exceptions to the PCRA's time-for-filing requirements were satisfied. Accordingly, we affirm the April 7, 2017 order based on the PCRA court's opinion, and we adopt its analysis and reasoning as our own. The parties are directed to attach a copy of the PCRA court's July 10, 2017 opinion, which incorporated the PCRA court's February 14, 2017 memorandum opinion, in the event of further proceedings in this matter.

Order affirmed.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/21/2018

COMMONWEALTH OF PENNSYLVANIA  :  IN THE COURT OF COMMON PLEAS
                                  :  DAUPHIN COUNTY, PENNSYLVANIA

            v.                        :

                                  :  NO.  761 MDA 2017

DALIYL MUHAMMAD,                :
          Defendant/Appellant  :  TRIAL COURT NO. 2967, 3009 CR 2002

# OPINION
### [Pursuant to Pa. R.A.P. 1925(a)]

Presently before this Court is the appeal of Daliyl Muhammad (hereinafter "Defendant" or "Appellant") from this Court's Order of April 7, 2017, dismissing his Petition for Post-Conviction Collateral Relief ("PCRA").

## PROCEDURAL HISTORY

Defendant was arrested relative to incidents that occurred on January 12, 2002 (Docket No. 2967 CR 2002) and July 7, 2002 (Docket No. 3009 CR 2002). With respect to the January 12, 2002 incident, in which two people were shot, Defendant was charged with Criminal Attempt (Homicide)[1], Criminal Conspiracy[2], Robbery[3], Aggravated Assault[4], Carrying a Firearm Without a License[5], and Former Convict Not to Possess a Firearm[6]. When Defendant was arrested on July 7, 2002, for the aforementioned charges, he obtained new charges, which included Flight to Avoid Apprehension of Prosecution[7], Escape[8], Resisting Arrest[9], False Identification to Law Enforcement Authorities[10],

---

[1] 18 Pa.C.S.A. § 901.
[2] 18 Pa.C.S.A. § 903.
[3] 18 Pa.C.S.A. § 3701(a)(1)(i).
[4] 18 Pa.C.S.A. § 2702(a)(1).
[5] 18 Pa.C.S.A. § 6106(a).
[6] 18 Pa.C.S.A. § 6105.
[7] 18 Pa.C.S.A. § 5126.
[8] 18 Pa.C.S.A. § 5121(a).
[9] 18 Pa.C.S.A. § 5104.
[10] 18 Pa.C.S.A. § 4906(a).

Disorderly Conduct-Unreasonable Noise[11], and Simple Trespass[12]. A jury trial was held from August 5 through August 14, 2003, before the Honorable Lawrence F. Clark, Jr. (hereinafter referred to as "Judge Clark"), now retired. Defendant was found guilty on two (2) counts of Aggravated Assault and one (1) count each of Escape, Resisting Arrest, Criminal Attempt (Homicide), Robbery, Criminal Conspiracy, False Identification to Law Enforcement Authorities, and Flight to Avoid Apprehension of Prosecution. Thereafter, on October 2, 2003, Defendant was sentenced to an aggregate term of thirty-seven (37) to ninety (90) years of incarceration at a state correctional institution. Defendant subsequently filed a direct appeal to the Superior Court of Pennsylvania. On August 17, 2004, the Superior Court issued a memorandum opinion which vacated the judgment of sentence imposed on Defendant for one of the counts of Aggravated Assault but affirmed the judgment of sentence as to all other counts.[13] It appears from the record that Defendant did not appeal to either the Supreme Court of Pennsylvania or the Supreme Court of the United States.

Defendant filed his first *pro se* PCRA petition on June 1, 2005. Jeffrey B. Engle, Esquire, was appointed by the court to represent Defendant relative to the PCRA proceedings. On February 8, 2006, Attorney Engle filed a Motion to Withdraw, along with a letter of "no merit" pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988). The PCRA petition was dismissed on June 29, 2006. Defendant appealed the dismissal of his PCRA Petition to

[11] 18 Pa.C.S.A. § 5503(a)(2).
[12] 18 Pa.C.S.A. § 3503(b.1)(1)(i).
[13] Defendant was convicted of two counts of aggravated assault for which the trial court imposed concurrent sentences. Therefore, even though the Superior Court vacated the judgment of sentence as to one of the counts of aggravated assault, the Superior Court found no need to remand for sentencing because its disposition did not upset the trial court's sentencing scheme.

the Superior Court of Pennsylvania, which affirmed on November 16, 2007. Defendant's Petition for Allowance of Appeal to the Supreme Court of Pennsylvania was denied on June 4, 2008.

On May 29, 2009, the Defendant filed what he titled an "Independent Action" with the trial court, alleging that his judgment of conviction had been procured by way of fraud that had been perpetrated upon the court. Thereafter, on January 6, 2010, Defendant filed a "Petition for Writ of Mandamus and/or Extraordinary Relief," which requested that the trial court be directed to respond to the aforementioned "Independent Action." The trial court denied the "Independent Action" on January 22, 2010, and Defendant appealed to the Superior Court, which affirmed the denial of the "Independent Action" on December 3, 2010. It appears that Defendant took no further appeals with respect to the "Independent Action."

Defendant then filed a second pro se PCRA petition on May 23, 2011. Jonathan W. Crisp, Esquire, was appointed by the court to represent Defendant relative to the PCRA proceedings. On July 25, 2011, Attorney Crisp filed a Motion to Withdraw, along with a letter of "no merit." The second PCRA petition was dismissed on August 17, 2011. Defendant appealed the dismissal of his second PCRA petition to the Superior Court of Pennsylvania, which affirmed in a decision filed March 26, 2012. On April 11, 2012, Defendant filed an application requesting reargument or reconsideration of the Superior Court's decision, but the Superior Court denied this request on June 8, 2012. It appears that no further appeals were taken.

On or about May 6, 2012, Defendant filed a third pro se PCRA petition. Subsequently, Defendant filed an amended PCRA petition on May 31, 2013. Dana M.

Wucinski, Esquire, was appointed by the court to represent Defendant relative to the PCRA proceedings. On September 23, 2013, Attorney Wucinski filed a Motion to Withdraw, along with a letter of "no merit." Defendant's third PCRA was dismissed on February 11, 2014. Defendant appealed the dismissal of his third PCRA petition to the Superior Court of Pennsylvania, which affirmed the dismissal on March 3, 2015.

On March 9, 2015, Defendant filed a fourth *pro se* PCRA petition. The fourth PCRA petition was dismissed on July 30, 2015. Defendant appealed the dismissal of his fourth PCRA petition to the Superior Court of Pennsylvania, which affirmed on September 2, 2016.

On October 7, 2016 and October 28, 2016, the Defendant filed two PCRA petitions, which were identical as to content and substance. This Court issued a Notice of Intent to Dismiss both PCRA petitions on February 14, 2017. Defendant requested an extension of time to file a response to our notice to dismiss, which was subsequently filed on April 3, 2017. Both PCRA petitions were dismissed on April 7, 2017. Defendant filed a Notice to Appeal on May 5, 2017. On May 22, 2017, Appellant was directed to file a Concise Statement of Errors.

**Statement of Errors Complained of on Appeal**

1. Whether the PCRA Court denied Defendant Due Process by refusing him an opportunity to amend his PCRA?

2. Whether the affidavit of Joyette Foster detailing Judge Clark's bias against Muslims met the "After-discovered facts" and "Miscarriage of Justice" exceptions; and is Defendant entitled to a new trial or remand for an evidentiary hearing?

3. Whether the PCRA court erred in requiring Defendant to plead/prove due diligence under the Governmental Interference exception when the statute

does not contain such language; and has the state courts established a clear definition for Governmental Interference claims?

4. Whether the loss, alteration, or failure to provide a full/complete copy of the trial proceedings by the court or its officers amount to Governmental Interference/Miscarriage of Justice rendering Defendant's underlying claim of denial of a fair trial/appeal/judicial bias reviewable on the merits, or a remand for an evidentiary hearing?

5. Whether the PCRA court erred, as a matter of law, in its assessment of the substance/timeliness of Michael Hill's affidavit/statement which met both the after discovered facts/miscarriage of justice standards; and is Defendant entitled to a new trial or remand for an evidentiary hearing?

## DISCUSSION

This Court believes that our Memorandum Opinion and Order dated February 14, 2017 thoroughly addresses the issues raised in Defendant's current Concise Statement of Matters Complained of on Appeal filed on June 9, 2017. Defendant's current arguments are without merit because, as stated in the Memorandum Opinion, "the newly discovered fact exception 'has two components, which much be alleged and proved. Namely, the petitioner must establish that: 1) "the facts upon which the claim was predicated were unknown" and 2) "could not have been ascertained by the exercise of due diligence.'"[14] The fact that Hill may be a "newly willing source" for said facts does not constitute an exception under 42 Pa.C.S. § 9545(b)(1)(ii). The same is true for Defendant's alternative argument for the Affidavit of Joyette Foster. Although Foster may be a "newly willing source" for said facts does not constitute an exception under 42 Pa.C.S. § 9545(b)(1)(ii). Since this issue has been thoroughly discussed by the Court (copy attached), it will not be addressed further.

---

[14] Commonwealth v. Bennett, 930 A.2d 1264, 1272 (Pa. 2007) (quoting 42 Pa.C.S. § 9545(b)(1)(ii)).

Defendant further asserts that the court has denied him due process by refusing to allow him to amend his PCRA petition. This issue has been ruled upon by the Court in its Order dated March 13, 2017, (copy attached) and will not be addressed further. Alternatively, Defendant's PCRA petition was not filed in a timely manner.

A PCRA petition, "including a second or subsequent one, must be filed within one year of the date that the petitioner's judgement of sentence became final unless he pleads and proves one of the exceptions outlined in 42 Pa.C.S.A. § 9545(b)(1)."[15] A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking such review.[16] This time requirement is jurisdictional in nature and applies to all PCRA petitions, regardless of the merits or legality of any claims raised therein.[17] A court may not address the merits of an untimely PCRA petition unless one of the three enumerated exceptions outlined in 42 Pa.C.S. § 9545(b)(1) is satisfied.[18]

The three exceptions are: (1) interference by government official in the presentation of the claim; (2) newly discovered facts that could not have been previously discovered by the petitioner through the exercise of due diligence; and (3) an after-recognized constitutional right that has been held to apply retroactively.[19] Moreover, any claims asserted within this provision must be made within sixty (60) days of when they became known.[20]

---

[15] Commonwealth v. Jones, 54 A.3d 14, 16 (Pa. 2012).
[16] 42 Pa.C.S. § 9545(b)(3); Jones, 54 A.3d at 17.
[17] Jones, 54 A.3d at 17; Commonwealth v. Abdul-Salaam, 812 A.2d 497, 500 (Pa. 2002); Commonwealth v. Cintora, 69 A.3d 759, 760 (Pa. Super. Ct. 2013).
[18] Jones, 54 A.3d at 17; Commonwealth v. Copenhefer, 941 A.2d 646, 648-649 (Pa. 2007).
[19] 42 Pa.C.S. § 9545(b)(1)(i)-(iii).
[20] 42 Pa.C.S. § 9545(b)(2); Jones, 54 A.3d at 17.

In the instant matter, the Superior Court issued a Memorandum Opinion on August 17, 2004, vacating the judgment of sentence imposed on Defendant for one of the counts of Aggravated Assault, but affirmed the judgment of sentence to all the other counts. Defendant's judgment of sentence became final thirty (30) days later, on or about September 17, 2004, when his time for seeking review from the Supreme Court of Pennsylvania expired. Therefore, Defendant had one (1) year – or until September 17, 2005 – to file a PCRA petition. The subject PCRA petitions were filed on October 7, 2016 and October 28, 2016 – more than twelve (12) years after the date upon which Defendant's judgment of sentence became final. Thus, Defendant must plead and prove one of the three enumerated exceptions contained in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) in order for his motion to be considered timely.

Defendant asserts that the PCRA court required him to plead/prove his due diligence. The court never required Defendant to plead or prove due diligence and the issue therefore will not be addressed. Furthermore, the Court will not entertain factual questions.

Moreover, Defendant also asserts that there was governmental interference due to the loss, alteration, or failure to provide a full and complete copy of the trial proceedings. Defendant's argument under this exception is not entirely clear and has not been raised in his previous four PCRA petitions. Therefore, the Court believes this issue is waived and it will not be addressed.

Defendant's PCRA petition is untimely on its face, and Defendant has failed to plead and prove that his petition meets the requirements of the statutory exceptions to

the PCRA's jurisdictional time-bar. This Court therefore lacks jurisdiction to consider Defendant's substantive claims.

Accordingly, we ask the Superior Court of Pennsylvania to affirm our Order of April 7, 2017 dismissing Appellant's fifth PCRA petition, and to dismiss the appeal in this matter.

Date: _July 10, 2017_      **Respectfully submitted:**

_____
**William T. Tully, J.**

2017 JUL 10 PH 2:40

DISTRIBUTION: 7/10/17

Ryan Lysaght, Esquire – District Attorney's Office
Daliyl Muhammad, #GB-0883, SCI-Coal Twp., 1 Kelley Drive, Coal Township, PA 17866
Clerk of Courts
Court Administration
FILE

COMMONWEALTH OF PENNSYLVANIA,    : IN THE COURT OF COMMON PLEAS,

                         : DAUPHIN COUNTY, PENNSYLVANIA

        v.                 :

                         :

                         : NO. 2967 CR 2002; 3009 CR 2002

DALIYL MUHAMMAD,          :

             Defendant        : PCRA

## MEMORANDUM OPINION

Presently before this Court is a Motion for Post-Conviction Collateral Relief pursuant to the Post-Conviction Collateral Relief Act ("PCRA") filed by Defendant Daliyl Muhammad (hereinafter "Defendant"). For the reasons set forth below, we find that Defendant's claims are without merit.

### PROCEDURAL HISTORY

Defendant was arrested relative to incidents that occurred on January 12, 2002 (Docket No. 2967 CR 2002) and July 7, 2002 (Docket No. 3009 CR 2002). With respect to the January 12, 2002 incident, in which two people were shot, Defendant was charged with Criminal Attempt (Homicide),[1] Criminal Conspiracy,[2] Robbery,[3] Aggravated Assault,[4] Carrying a Firearm Without a License,[5] and Former Convict Not to Possess a Firearm.[6] Then, on July 7, 2002, when Defendant was arrested on the aforementioned charges, he obtained new charges including Flight to Avoid Apprehension of Prosecution,[7] Escape,[8] Resisting Arrest,[9] False Identification to Law Enforcement Authorities,[10] Disorderly

---

[1] 18 Pa.C.S.A. § 901.
[2] 18 Pa.C.S.A. § 903.
[3] 18 Pa.C.S.A. § 3701(a)(1)(i).
[4] 18 Pa.C.S.A. § 2702(a)(1).
[5] 18 Pa.C.S.A. § 6106(a).
[6] 18 Pa.C.S.A. § 6105.
[7] 18 Pa.C.S.A. § 5126.
[8] 18 Pa.C.S.A. § 5121(a).
[9] 18 Pa. C.S.A. § 5104.
[10] 18 Pa.C.S.A. § 4906(a).

Conduct-Unreasonable Noise,[11] and Simple Trespass.[12] A jury trial was held from August 5 through August 14, 2003 before the Honorable Lawrence F. Clark, Jr. (hereinafter "Judge Clark"), now retired, and Defendant was found guilty on two counts of Aggravated Assault and one count each of Escape, Resisting Arrest, Criminal Attempt (Homicide), Robbery, Criminal Conspiracy, False Identification to Law Enforcement Authorities, and Flight to Avoid Apprehension of Prosecution. Thereafter, on October 2, 2003, Defendant was sentenced to an aggregate term of thirty-seven (37) to ninety (90) years of incarceration at a state correctional institution. Defendant subsequently filed a direct appeal to the Superior Court of Pennsylvania. On August 17, 2004, the Superior Court issued a memorandum opinion which vacated the judgment of sentence imposed on Defendant for one of the counts of Aggravated Assault but affirmed the judgment of sentence as to all of the other counts.[13] It appears from the record that Defendant did not appeal to either the Supreme Court of Pennsylvania or the Supreme Court of the United States.

Defendant filed his first *pro se* PCRA petition on June 1, 2005. Jeffrey B. Engle, Esquire, was appointed by the court to represent Defendant relative to the PCRA proceedings. On February 8, 2006, Attorney Engle filed a Motion to Withdraw, along with a letter of "no merit" pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988). The PCRA petition was ultimately dismissed on June 29, 2006. Defendant appealed the dismissal of his PCRA

---

[11] 18 Pa.C.S.A. § 5503(a)(2).
[12] 18 Pa.C.S.A. § 3503(b.1)(1)(i).
[13] Defendant was convicted of two counts of aggravated assault for which the trial court imposed concurrent sentences. Therefore, even though the Superior Court vacated the judgment of sentence as to one of the counts of aggravated assault, the Superior Court found no need to remand for sentencing because its disposition did not upset the trial court's sentencing scheme.

petition to the Superior Court of Pennsylvania, which ultimately affirmed on November 16, 2007. Defendant's Petition for Allowance of Appeal to the Supreme Court of Pennsylvania was denied on June 4, 2008.

On May 29, 2009, the Defendant filed what he titled an "Independent Action" with the trial court, alleging that his judgment of conviction had been procured by way of fraud that had been perpetrated upon the court. Thereafter, on January 6, 2010, Defendant filed a "Petition for Writ of Mandamus and/or Extraordinary Relief" which requested that the trial court be directed to respond to the aforementioned "Independent Action." The trial court denied the "Independent Action" on January 22, 2010, and Defendant appealed to the Superior Court, which affirmed the denial of the "Independent Action" on December 3, 2010. It appears that Defendant took no further appeals with respect to the "Independent Action."

Defendant then filed a second *pro se* PCRA petition on May 23, 2011. Jonathan W. Crisp, Esquire, was appointed by the court to represent Defendant relative to the PCRA proceedings. On July 25, 2011, Attorney Crisp filed a Motion to Withdraw, along with a letter of "no merit." The second PCRA petition was ultimately dismissed on August 17, 2011. Defendant appealed the dismissal of his second PCRA petition to the Superior Court of Pennsylvania, which ultimately affirmed in a decision filed March 26, 2012. On April 11, 2012, Defendant filed an application requesting reargument or reconsideration of the Superior Court's decision, but the Superior Court denied this request on June 8, 2012. It appears that no further appeals were taken.

On or about May 6, 2012, Defendant filed a third *pro se* PCRA petition. Subsequently, Defendant filed an amended PCRA petition on May 31, 2013. Dana M.

Wucinski, Esquire, was appointed by the court to represent Defendant relative to the PCRA proceedings. On September 23, 2013, Attorney Wucinski filed a Motion to Withdraw, along with a letter of "no merit." Defendant's third PCRA was ultimately dismissed on February 11, 2014. Defendant appealed the dismissal of his third PCRA petition to the Superior Court of Pennsylvania, which ultimately affirmed on March 3, 2015.

On March 9, 2015, Defendant filed a fourth PCRA petition. The fourth PCRA petition was ultimately dismissed on July 30, 2015, and Defendant appealed the dismissal of his fourth PCRA petition to the Superior Court of Pennsylvania, which affirmed on September 2, 2016.

Currently before the court are two PCRA petitions that Defendant filed on October 7, 2016 and October 28, 2016, respectively. With regard to content and substance, both of these petitions are identical, and, therefore, it is unnecessary to discuss each separately. As such, we will discuss the two petitions collectively. In the instant petitions, Defendant first alleges that Judge Clark made comments at his criminal trial that revealed a bias against Muslims and that such comments "appeal[ed] to the fears and prejudice of the jury." Second, Defendant alleges the presence of "after-discovered facts," specifically what he alleges to be an affidavit of an eyewitness named Michael Hill. Defendant claims that Hill's purported affidavit establishes that a victim and codefendant referred to as "Nickol" shot at Defendant, thereby initiating the encounter which ultimately led to Defendant's criminal conviction. Defendant claims that this "totally refutes what was presented during trial by the Commonwealth."

## DISCUSSION

A PCRA petition, "including a second or subsequent one, must be filed within one year of the date that the petitioner's judgment of sentence became final, unless he pleads and proves one of the three enumerated exceptions outlined in 42 Pa.C.S.A. § 9545(b)(1)."[14] A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking such review.[15] This time requirement is jurisdictional in nature and applies to all PCRA petitions, regardless of the merits or legality of any claims raised therein.[16] A court may not address the merits of an untimely PCRA petition unless one of three enumerated exceptions outlined in 42 Pa.C.S. § 9545(b)(1) is satisfied.[17]

In the instant matter, on August 17, 2004, the Superior Court issued a memorandum opinion which vacated the judgment of sentence imposed on Defendant for one of the counts of Aggravated Assault but affirmed the judgment of sentence as to all of the other counts. Defendant's judgment of sentence, therefore, became final thirty (30) days later, on or about September 17, 2004, when his time for seeking review from the Supreme Court of Pennsylvania expired. Therefore, Defendant had one (1) year – or until September 17, 2005 – to file a PCRA petition. The instant PCRA petitions were filed on October 7, 2016 and October 28, 2016, respectively, both dates which are more than twelve (12) years after the date upon which Defendant's judgment of sentence became

---

[14] Commonwealth v. Jones, 54 A.3d 14, 16 (Pa. 2012)

[15] 42 Pa.C.S. § 9545(b)(3); Jones, 54 A.3d at 17

[16] Jones, 54 A.3d at 17; Commonwealth v. Abdul-Salaam, 812 A.2d 497, 500 (Pa. 2002); Commonwealth v. Cintora, 69 A.3d 759, 760 (Pa. Super. Ct. 2013)

[17] Jones, 54 A.3d at 17; Commonwealth v. Copenhefer, 941 A.2d 646, 648-49 (Pa. 2007)

final. Thus, Defendant must plead and prove one of the three enumerated exceptions contained in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) in order for his motion to be considered timely.

The three exceptions are: (1) interference by government official in the presentation of the claim; (2) newly discovered facts that could not have been previously discovered by the petitioner through the exercise of due diligence; and (3) an after-recognized constitutional right that has been held to apply retroactively.[18]

In the instant matter, the gravamen of Defendant's first claim is that Judge Clark allegedly made comments at his criminal trial which revealed a bias against Muslims and that such comments had a prejudicial effect on the jury which ultimately convicted him. To support this claim, Defendant provides the written affidavits of three women (Joyetta Foster, Marlene Selvey, and Kathryn Gann) who allegedly were present in the courtroom during Defendant's trial and overheard Judge Clark make the allegedly biased comments. In Foster's affidavit, she alleges that she was present in the courtroom at the time of Defendant's trial and heard the Judge (who Foster does not specify by name) state off the record that he "needed to make an example of Islamic members of the Harrisburg community especially since this was such a difficult time for our country."[19] In the second affidavit, written by Selvey (who refers to Defendant as "my son"), it is alleged that Defendant's attorney informed Selvey and Defendant that Judge Clark "did not like [Defendant]" and "was going to make sure he gave him a sentence of 99 years."[20] Additionally, Selvey alleges that Judge Clark made a "stipulation" that no one was to see

---

[18] 42 Pa.C.S. § 9545(b)(1)(i)-(iii)
[19] See "Exhibit A" to Defendant's Instant PCRA Petition.
[20] See "Exhibit B" to Defendant's Instant PCRA Petition

the trial transcripts until he released them.[21]  In the third affidavit, Gann, who identifies

herself as a "family member" of the defendant, writes that when Judge Clark charged the

jury, he stated to them as follows: "Let me reflect your memory to the 911 incident that

took place and the terrorist [sic] attacked America. I need yall [sic] to keep in mind there

are still terrorist [sic] that walk among us everyday [sic] in our neighborhood."[22]  Gann

also claims that a court reporter overheard Judge Clark's comments, but she [the court

reporter] said she could not get involved because she would lose her job.  Gann also

states that when she was ultimately provided with a copy of the transcripts the

"information was not in there."[23]

Defendant contends that Judge Clark's comments fall within the exception

provided in 42 Pa.C.S.A. § 9545(b)(1)(i), namely interference by a governmental official

in the presentation of a claim.  Certainly, we cannot see how the alleged comments

themselves amounted to interference by a governmental official in the presentation of a

claim.  Defendant appears to allege, however, that it is something that occurred *after* the

comments were made that amounted to governmental interference.  Specifically,

Defendant makes a suggestion that Judge Clark clandestinely had his biased statements

removed from the record either by his own doing or through the assistance of other

officers of the court.  These allegations are merely speculative, however, and Defendant

provides no concrete evidence that either Judge Clark or any other governmental official

took any action to conceal any statements from the transcripts or any part of the record.

Defendant merely alleges that the transcripts he received did not contain the comments

---

[21] Id.

[22] See "Exhibit C" to Defendant's Instant PCRA Petition.

[23] Id.

allegedly made by Judge Clark, but he does not plead any specific facts to suggest that the absence of these comments in the transcripts is the fault of Judge Clark or any other official. Furthermore, Defendant fails to state why the claims he raises in his instant petition could not have been raised in a timely fashion. It is not as if the transcripts reflecting Judge Clark's alleged comments just turned up recently, allowing Defendant to only be able to raise his claim at the current time. There are still no transcripts reflecting Judge Clark's alleged comments, and the instant claim is based only on affidavits of individuals who were present at Defendant's 2003 trial. Considering that these individuals were present at the 2003 trial, similar affidavits could have easily been taken from them at a much earlier date and during the time frame in which a PCRA filing would have been timely. Defendant, however, fails to provide a viable excuse for why these affidavits are only being presented now and why they could not have been presented in any of the previous PCRA petitions he filed. Thus, we conclude that Defendant's claim regarding Judge Clark's allegedly biased comments does not fall under the 42 Pa.C.S.A. § 9545(b)(1)(i) exception for a timely filing.

With respect to his second claim, Defendant claims the presence of "after discovered facts" that would constitute an exception under 42 Pa.C.S. § 9545(b)(1)(iii), i.e., newly discovered facts that could not have been previously discovered by the petitioner through the exercise of due diligence. The "newly discovered fact" that Defendant attempts to present is a declaration[24] of an individual named Michael Hill (hereinafter "Hill"), who allegedly was an eyewitness to the January 12, 2002 incident giving rise to Defendant's conviction. In this declaration, which Defendant claims is an

---

[24] Although Hill's declaration is attached to Defendant's PCRA Petition, it appears that Defendant does not specifically label this declaration as an exhibit.

affidavit,[25] Hill claims that on one day back in 2002, he was standing on the porch of his grandmother's house when he observed Defendant (whom Hill refers to as "Dalizz") walking up the street with a large white male walking beside him and two other males following from behind. As the men walked closer, Hill claimed that he could hear the white male (whom Defendant refers to in the instant Petition as "Nickol"), who sounded upset, ask about drugs, and that Defendant responded by saying that he had to "wait on someone." According to Hill, "Nickol" then dropped back behind Defendant, pulled out a gun, and shot at Defendant. Hill then retreated to the inside of his grandmother's doorway and heard more shots seconds later. At some point, Hill claims that he looked back outside and observed "Nickol" on the ground. Defendant claims that this affidavit establishes that "Nickol" initiated the confrontation which ultimately led to Defendant's criminal conviction.

We conclude that Hill's affidavit does not fall within the newly discovered fact exception under 42 Pa.C.S. § 9545(b)(1)(iii). The Supreme Court of Pennsylvania has noted that the newly discovered fact exception "has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) 'the *facts* upon which the claim was predicated were *unknown*' and 2) 'could not have been ascertained by the

---

[25] Although Defendant claims that Hill's written statement is an affidavit, it is merely a statement that is handwritten on a piece of paper and signed only by Hill himself. Hill's declaration, therefore, does not exhibit that it was subject to the oath and certification that are characteristic of an affidavit. See Commonwealth v. Brown, 872 A.2d 1139, 1168–70 (Pa. 2005) (Castille, J., concurring) (noting that an affidavit is distinct from other out-of-court statements because of oath and certification, which convey to declarant consequences of falsehood, including potential for felony perjury prosecution; an affidavit also conveys to tribunal some level of assurance that declarant is who he says he is, that declaration is not fraudulent, and that declarant is willing to stand behind his statement in court.). Hill's written statement, rather, appears to be an unsworn declaration, and "there is a significant distinction between an affidavit and an unsworn declaration." Commonwealth v. Tedford, 960 A.2d 1, 18 n.10 (Pa. 2008); see also Commonwealth v. Hall, 872 A.2d 1177, 1192 (Pa. 2005) (Castille, J., concurring) ("[T]here is a significant distinction between a sworn affidavit, which is contemplated under this Court's Criminal Rules governing PCRA practice, and a mere unsw. ᵈ 'eclaration of a witness.").

exercise of *due diligence*."[26] As our Supreme Court has explained, "[t]he focus of the exception is on [the] newly discovered *facts*, not on a newly discovered or newly willing source for previously known facts."[27] Thus, the court has previously "rejected a petitioner's argument that a witness's subsequent admission of alleged facts brought a claim within the scope of exception (b)(1)(ii) even though the facts had been available to the petitioner beforehand."[28] With regard to the newly discovered facts exception, claims invoking such exception are subject to a sixty (60) day time limitation.[29] With regard to this limitation, "the sixty (60) day time limit ... runs from the date the petitioner first learned of the alleged after-discovered facts. A petitioner must explain when he first learned of the facts underlying his PCRA claims and show that he brought his claim within sixty (60) days thereafter."[30]

Given the aforementioned, the focus of the newly discovered fact exception in the instant matter must be on the *facts* contained within the affidavit; the fact that Hill may be a "newly willing source" for these facts is not the focus of our inquiry and does not constitute an exception under 42 Pa.C.S. § 9545(b)(1)(ii)). The pivotal fact alleged in Hill's affidavit is that "Nickol" shot at Defendant first, which ultimately led to the encounter that resulted in Defendant's criminal conviction. This fact, however, does not satisfy the two requisite elements for qualifying under the newly discovered fact exception. First, Defendant does not allege that this fact was previously unknown to him; Defendant himself was the one who was allegedly shot at by "Nickol," and we cannot believe that he

---

[26] Commonwealth v. Bennett, 930 A.2d 1264, 1272 (Pa. 2007) (emphasis in original) (quoting 42 Pa.C.S. § 9545(b)(1)(ii)).
[27] Commonwealth v. Marshall, 947 A.2d 714, 720 (Pa. 2008) (internal citation and quotation marks omitted).
[28] Id. (internal citation omitted).
[29] See Commonwealth v. Williams, 35 A.3d 44, 53 (Pa. Super. Ct. 2011).
[30] Id.

would have been unaware of this fact until approximately fifteen (15) years after the incident occurred. Furthermore, even if Defendant did just learn of this fact recently, he fails to allege exactly when he learned of this fact, and, therefore, fails to show that he brought the instant petition within sixty (60) days of learning this fact. Second, Defendant does not satisfy the other element of the newly discovered fact exception because he fails to explain why such fact could not have been previously ascertained by due diligence or that he has exercised any sort of due diligence in attempting to gain knowledge of this fact within the last 15 years. In sum, it appears that Hill merely is attempting to present a new witness that is willing to testify to a fact that he previously should have known, and as previously discussed this does not justify an application of the newly discovered fact exception.

**CONCLUSION**

For the aforementioned reasons, we find Defendant's PCRA motion to be untimely and thus, this Court is precluded from addressing its merits. Accordingly, we enter the following:

*(This space intentionally left blank)*

COMMONWEALTH OF PENNSYLVANIA,  : IN THE COURT OF COMMON PLEAS,
                                        : DAUPHIN COUNTY, PENNSYLVANIA

v.                                       :

                                       : NO. 2967 CR 2002; 3009 CR 2002

DALIYL MUHAMMAD,              :

      Defendant         : PCRA

## ORDER

**AND NOW**, this 14th day of February, 2017, upon consideration of the Motion for Post-Conviction Collateral Relief filed by Defendant Daliyl Muhammad, and of the relevant statutory and case law, this Court finds that Defendant is not entitled to post-conviction collateral relief. Therefore, **NOTICE IS HEREBY GIVEN** of this Court's intention to **DISMISS** his motion. Petitioner is advised that he may respond to the proposed dismissal within twenty (20) days of the date of this notice.

BY THE COURT:

William T. Tully, J.

DISTRIBUTION:

Ryan Lysaght, Esquire – District Attorney's Office
Daliyl Muhammad, #GB-0883, SCI-Fayette, P.O. Box 9999, LaBelle, PA 15450-0999
Clerk of Courts
Court Administration
FILE